UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASTOR ISABEL VELA,

Plaintiff,

v.

TULARE COUNTY DISTRICT ATTORNEY,

Defendant.

Case No. 1:23-cv-01709-KES-BAM

SCREENING ORDER GRANTING LEAVE TO AMEND

(Doc. 1)

**THIRTY-DAY DEADLINE**

Plaintiff Pastor Isabel Vela ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on December 12, 2023. (Doc. 1.) Plaintiff's complaint is currently before the Court for screening.

**I. Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff brings this action against Defendant Tulare County District Attorney for violation of the First Amendment, Free Exercise Clause, Ninth Amendment, and 22 U.S.C. § 6401. (Doc. 1 at 3.) The complaint appears to seek injunctive relief only, not monetary damages. (*Id.* at 5.)

In relevant part, Plaintiff alleges that the "Tulare County District Attorney is currently investigating matters that are involving [her] Pastoral Duties and how [she] exercise[s] her beliefs." (Doc. 1 at 5.) Plaintiff claims that the investigation hinders the freedom of her religion, her belief, and her calling. She further claims that the "mere fact of warrants being obtained and served on parties and . . . questioning people casts a shadow of who and what" she does. (*Id.*) She asserts that the Constitution protects her from government interference, and they are not in a position to question or investigate. She also asserts that the Constitution "has the seperation [sic] of Church and State and thus [her] Pastoral duties are not free to be hindered by the state." (*Id.*)

## III. Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding in pro se, the Court will allow Plaintiff an opportunity to amend her complaint to the extent she can do so in good faith.

///

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of her claims. While short, Plaintiff's complaint does not include sufficient factual allegations to state a cognizable claim. Plaintiff does not clearly state what happened, when it happened, or who was involved. Rather, Plaintiff generally alleges that an investigation is being conducted, warrants are being obtained, and people are being questioned. Plaintiff does not provide any factual allegations supporting these statements or her assertions that investigation is hindering the freedom of her religion. Plaintiff's conclusory statements, without more, are insufficient. If Plaintiff files an amended complaint, it must include factual allegations related to her claims that identify what happened, when it happened, and who was involved. Fed. R. Civ. P. 8.

**B. Civil Rights Act and Linkage**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint alleges an investigation by the Tulare County District Attorney, but she fails to adequately link that defendant to any specific conduct or omission that violated Plaintiff's rights. Although she mentions warrants and questioning of others, she does not link that conduct either to the defendant or to a specific deprivation of her constitutional rights. Her vague and conclusory statements are not sufficient to connect or link the defendant to any specific actions or the deprivation allegedly suffered by Plaintiff.

**C. Claims Against District Attorney**

Although unclear from the limited allegations in the complaint, the district attorney may be protected by absolute immunity when acting in the scope of his or her duties in the pursuit of a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir.2005) (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors are absolutely immune from civil liability for post-litigation as well as pre-litigation handling of case); *see also Montez v. Ingram*, No. 1:13-cv-02110-LJO-JLT, 2014 WL 527658, at *3 (E.D. Cal. Feb. 7, 2014) (concluding that deputy district attorney enjoys absolute immunity when acting in the scope of his duties in the investigation and pursuit of a criminal prosecution); *Knight v. Las Vegas Det. Ctr.*, No. 208-CV-00308-RCJ-GWF, 2009 WL 3075359, at *3 (D. Nev. Sept. 22, 2009) (finding district attorney immune from civil suit for damages under 42 U.S.C. § 1983 based on allegations that he participated in various investigations into, and prosecutions, of plaintiff); *Maldonado v. Superior Ct. of Kern Cnty.*, No. 1:12-CV-01467-AWI, 2013 WL 635951, at *4 (E.D. Cal. Feb. 20, 2013) (finding district attorney protected by absolute immunity when acting in the scope of his duties in the investigations and pursuit of a criminal prosecution). However, prosecutors may not be entitled to absolute immunity for performing purely investigative functions. *See Botello*, 413 F.3d at 976; *Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001) (concluding district attorneys who conducted their own investigation not protected by absolute immunity). Based on

the sparse allegations included here, the Court cannot determine whether the district attorney may be entitled to immunity.

**D. First Amendment**

Plaintiff appears to claim that the alleged investigation is infringing on her freedom of religion as embodied in the Free Exercise Clause. The Free Exercise Clause of the First Amendment provides "Congress shall make no law ... prohibiting the free exercise" of religion. U.S. CONST., amend. I. Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection. *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief"). Not all burdens on religion are unconstitutional. *See Fulton v. City of Philadelphia*, 593 U.S. 522, 533 (2021) (neutral and generally applicable laws are subject to rational basis scrutiny); *id.* at 541 (laws that are not neutral and generally applicable must survive strict scrutiny review by advancing "interests of the highest order" and being narrowly tailored to achieve those interests).

Here, Plaintiff's claims under the First Amendment are unclear, vague, and conclusory. Although she alleges that the investigation hinders the freedom of her religion, her beliefs, and her calling, Plaintiff does not specify the sincerely held religious belief, nor does she adequately allege any specific burden on the practice of her religion.

**E. Ninth Amendment**

To the extent Plaintiff is attempting to state a claim directly under the Ninth Amendment, her amended complaint fails to state a claim. The Ninth Amendment provides that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Such amendment "has never been recognized as independently security any constitution right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986); *accord Jenkins v. C.I.R.*, 483 F.3d 90, 92 (2d Cir. 2007) ("The Ninth Amendment is not an independent source of individual rights ...."). Accordingly, Plaintiff cannot state a claim under the Ninth Amendment.

**F. 22 U.S.C. § 6401**

Plaintiff cites the International Religious Freedom Act, 22 U.S.C. § 6401. However, the

International Religious Freedom Act does not provide a private cause of action in a civil case. *See*, *e.g.*, *Strege v. Dep't of Motor Vehicles*, No. 15-1907(DSD/HB), 2015 WL 1954452, *2 n.2 (D. Minn. Apr. 29, 2015) (concluding International Religious Freedom Act "does not provide a private cause of action for civil litigants"); *Bey v. Ohio*, No. 1:11 CV 1213, 2011 WL 5024188, *2 (N.D. Ohio Oct. 19, 2011).

**G. RFA**

Plaintiff also cites the "RFA" in her complaint (Doc. 1 at 5), which may be a reference to the Religious Freedom Restoration Act ("RFRA"). The RFRA provides a private cause of action, but only federal officers can be sued under RFRA. *See* 42 U.S.C. § 2000bb et seq.; *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006) ("Under RFRA, the Federal Government may not, as a statutory matter, substantially burden a person's exercise of religion, 'even if the burden results from a rule of general applicability.'"); *Vela v. Amador County*, No. 2:24-CV-02535-DJC-CKD (PS), 2024 WL 4647625, at *2 (E.D. Cal. Oct. 31, 2024). Plaintiff does not allege any federal government action or name a federal actor in her complaint. Plaintiff therefore does not state a claim under RFRA.

**H. Injunctive Relief**

Plaintiff seeks injunctive relief. However, Plaintiff's complaint fails to state a cognizable claim to support such relief. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any defendants, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

**IV. Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*,

556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **June 3, 2025**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE